IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANGEL ASTARB | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-19-3676 |
| METROPOLITAN LIFE INSURANCE COMPANY | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending before the court are defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 17), plaintiff's Response to Motion to Dismiss ("Opposition") (ECF No. 23), and defendant's Reply Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Reply") (ECF No. 26). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 17) is granted.

**I.     BACKGROUND**

The following facts are alleged by plaintiff in her Complaint (ECF No. 1). Plaintiff brings this breach of contract claim pursuant to a life insurance policy under the Federal Employees' Group Life Insurance ("FEGLI") program administered by the United States Office of Personnel Management ("OPM"). (ECF No. 1 ¶ 1); 5 U.S.C. §§ 8701, et seq. (2018).

Plaintiff is the sole beneficiary of decedent Randall Astarb's FEGLI policy ("FEGLI Policy" or "FEGLI Contract").  (Id. ¶ 7).

Plaintiff alleges that decedent died from an "accidental death" due to a "misplaced endotracheal tube resulting in suffocation and death."  (Id. ¶ 9).  On June 5, 2017, plaintiff applied for life insurance benefits pursuant to the FEGLI Policy issued by defendant.  (Id. ¶ 7). Defendant paid the regular life insurance indemnity to plaintiff, but, on July 19, 2017, defendant denied coverage on the accidental death indemnity, "claiming that [decedent's] death was, within the meaning of the policy and the law, contributed to by other physical injuries."  (Id. ¶ 10).

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in the plaintiff's favor."  Id. at 244.  Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted).  A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements.  Walters, 684 F.3d at 439.  Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is

'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pursuant to Rule 12(d), a motion to dismiss for failure to state a claim upon which relief can be granted is converted into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). "Matters—such as exhibits—are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters." Williams v. Branker, 462 F. App'x 348, 352 (4th Cir. 2012). Courts may consider documents that are "explicitly incorporated into the complaint by reference," Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)), or submitted by the movant, "so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Id. "A document is 'integral' when its '[v]ery existence, and not the mere information it contains, gives rise to the legal rights asserted.'" Rowlette v. Lifebridge Health, Civil No. RDB-18-2706, 2019 WL 5696841, at *2 (D. Md. Nov. 4, 2019) (quoting Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). "Considering such documents does not convert a motion to dismiss to one for summary judgment." Id. (citing Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015)).

Here, defendant's Motion is supported by two exhibits: (1) the FEGLI Contract issued by OPM (ECF No. 17-2); and (2) defendant's July 19, 2017 letter denying plaintiff's claim for accidental death benefits (ECF No. 17-3). Plaintiff's Opposition is supported by five exhibits: (1) the 2019 FEGLI Program Handbook (ECF No. 23-1); (2) the 2014 FEGLI Program Handbook current at the time of decedent's death (ECF No. 23-2); (3) the FEGLI Program

Booklet for Federal Employees (ECF No. 23-3); (4) the FEGLI Claim for Death Benefits Form (ECF No. 23-4); and (5) decedent's death certificate (ECF No. 23-5).

The basis of plaintiff's breach of contract suit is that defendant breached the FEGLI Contract by issuing the July 19, 2017 letter denying plaintiff's claim for accidental death benefits. (ECF No. 1 ¶¶ 1, 8, 10). In her Complaint, plaintiff alleges that decedent's life insurance benefits under the FEGLI Contract included an "additional indemnity for death resulting from accidental death," and that defendant denied coverage for accidental death because decedent's death was contributed to by other physical injuries "within the meaning of the policy." (Id. 1 ¶¶ 8, 10). In addition, decedent's death certificate is expressly linked to plaintiff's factual allegations regarding the cause of decedent's death. (Id. ¶ 9). Neither party challenges the authenticity of these documents. Goines, 822 F.3d at 166. As a result, the court concludes that the FEGLI Contract, defendant's July 19, 2017 denial letter, and decedent's death certificate are integral to the Complaint. Id.; see also Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co., 388 F. Supp. 3d 574, 586 (D. Md. 2019), as amended (June 17, 2019) (considering the insurer's denial letter, which was not attached to the complaint, in deciding motion to dismiss for failure to state a claim). Plaintiff, however, does not refer to her other exhibits, i.e. the 2019 FEGLI Handbook, 2014 FEGLI Handbook, FEGLI Program Booklet for Federal Employees, and the FEGLI Claim for Death Benefits Form, in the Complaint. As a result, these exhibits are not integral to plaintiff's Complaint and will not be considered. Accordingly, the FEGLI Contract, defendant's July 19, 2017 denial letter, and decedent's death certificate will be considered and the Motion will be construed as a motion to dismiss—not a motion for summary judgment pursuant to Rule 12(d) and Rule 56.

### III. DISCUSSION

Defendant argues that plaintiff's Complaint should be dismissed on two grounds: (1) plaintiff's claim is time-barred; and (2) the allegations are insufficient to support plaintiff's claim that her accidental death and dismemberment ("AD&D") claim is payable under the FEGLI Contract. (ECF No. 17 at 1).

### A.  Contractual Limitation Period

Defendant argues that plaintiff's claim is time-barred and should be dismissed. (ECF No. 17-1 at 4).  Specifically, defendant contends that Section 1.16(b) of the FEGLI Contract "establishes a two-year limitation period for a plaintiff to file an action to recover AD&D benefits." (Id. at 5).  Defendant argues that this two-year limitation began to run when defendant denied plaintiff's claim for AD&D benefits on July 19, 2017 and expired on July 19, 2019. (Id.) Therefore, defendant argues that plaintiff's Complaint, filed on December 31, 2019, was filed five months after the expiration of the two-year limitation period. (Id.)

Plaintiff, however, contends that the applicable limitation period for her breach of contract claim against defendant is the six-year statutory limitation period set forth in 28 U.S.C. § 2501, which provides the time for filing lawsuits over which the United States Court of Federal Claims has jurisdiction. (ECF No. 23 at 2).  Plaintiff additionally argues that OPM lacked authority to alter or create the applicable limitations period in the FEGLI Contract and, if OPM relied on apparent authority to change the limitations period, the section containing the two-year limitations period is void ab initio because there is no evidence that Congress ratified the FEGLI Contract. (Id. at 4–5).  Finally, plaintiff contends that the purpose of the statute of limitations is to give notice to federal employees of the deadline for filing a claim, but none of the publicly available FEGLI documents contain information regarding a limitations period for filing a lawsuit. (Id. at 5–6).

"The Federal Employees' Group Life Insurance Act of 1954 (FEGLIA), 5 U.S.C. § 8701 et seq., establishes a life insurance program for federal employees." Hillman v. Maretta, 569 U.S. 483, 485 (2013). "Pursuant to the authority granted to it by FEGLIA, OPM entered into a life insurance contract with the Metropolitan Life Insurance Company." Id. at 486; see also 5 U.S.C. § 8709; 5 C.F.R. § 870.102 (2020). "Like any other contract, an insurance contract is measured by its terms unless a statute, a regulation, or public policy is violated thereby." James McHugh Constr. Co. v. Travelers Prop. Cas. Co. of Am., 223 F. Supp. 3d 462, 467 (D. Md. 2016). When interpreting the language of an insurance policy, Maryland courts use "the same principles and rules of construction used to interpret other contracts." Id. (citing Connors v. Gov't Employees Ins. Co., 113 A.3d 595, 603 (2015)). As a result, the "words of insurance contracts are given their customary, ordinary, and accepted meaning, as determined by the fictional 'reasonably prudent lay person.'" Id. (quoting Connors, 113 A.3d at 603). "When contractual language is plain and unambiguous, Maryland courts enforce the terms of the contract as a matter of law." Id. (citing Calomiris v. Woods, 727 A.2d 358, 368 (1998)). Moreover, "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations." Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 107 (2013). Therefore, "contractual limitations provisions ordinarily should be enforced as written." Id. at 107–08.

The contract at issue in this claim, the FEGLI Contract, is a life insurance contract entered into with defendant by OPM pursuant to the authority granted to it by the FEGLIA. 5 U.S.C. § 8701 et seq.; see also Hillman, 569 U.S. at 486. Because OPM had statutory authority to enter into the FEGLI Contract, the court rejects plaintiff's arguments that: (1) OPM lacked

authority to alter or create the applicable limitations period; or (2) the limitations provision is void ab initio since Congress did not ratify the FEGLI Contract.

The limitations provision of the FEGLI Contract, titled "Time Limit on Starting Lawsuits," states:

> No action at law or in equity maybe [sic] brought to recover on this Contract regarding accidental death and dismemberment benefits before the expiration of sixty days after proof of claim has been filed in accordance with the requirements of this Contract or more than two years after the date the claim is denied, nor may such action be brought at all unless brought within two years from the expiration of the time within which proof of claim is required by the Contract.

(ECF No. 17-2 at 17). Under the plain language of Section 1.16(b), an action at law or in equity to recover on the FEGLI Contract regarding accidental death and dismemberment benefits must be brought within two years after the date the claim for benefits is denied. (Id.) Here, plaintiff's claim for accidental death and dismemberment benefits was denied on July 19, 2017. (ECF Nos. 1 ¶ 10, 17-3 at 1). Therefore, the limitations period for plaintiff to bring an action expired two years later, on July 19, 2019. Plaintiff, however, did not bring her action until December 31, 2019, which is more than five months after the two-year limitation period expired. (ECF No. 1). As a result, plaintiff's claim is time-barred and must be dismissed. Heimeshoff, 571 U.S. at 108 (stating that "contractual limitations provisions ordinarily should be enforced as written"); see also Swedish Civil Aviation Admin. v. Project Mgmt. Enterprises, Inc., 190 F. Supp. 2d 785, 795 (D. Md. 2002) (a motion to dismiss is an appropriate way for defendant to assert a time-bar defense because "under Maryland law, '[i]f the time bar . . . is apparent on the face of the complaint, the complaint would indeed fail to state a claim upon which relief can be granted'").

Plaintiff's argument that the appropriate limitation period governing the FEGLI Contract is six years is rejected. (ECF No. 23 at 2). As defendant notes, the provisions on which plaintiff relies, 5 U.S.C. § 8715 and 28 U.S.C. § 2501, are not applicable here. (ECF No. 26 at 3).

Section 8715 provides that "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter."  5 U.S.C. § 8715.  Clearly, this section applies only to claims against the United States, not to claims against the insurer.  See 5 C.F.R. § 870.102 ( "[a]ny court action to obtain money due from this insurance policy must be taken against the company that issues the policy").  Because plaintiff may not bring an action to obtain money under the FEGLI Contract against the United States, the United States Court of Federal Claims does not have concurrent jurisdiction over this claim.  See Johnson v. United States, 135 Fed. Cl. 565, 571 (Fed. Cl. 2017) (stating that "[t]he United States is the only proper defendant in this Court").  Therefore, 28 U.S.C. § 2501, which provides a six-year statute of limitations for "[e]very claim of which the United States Court of Federal Claims has jurisdiction," also does not apply.

Moreover, as defendant notes, plaintiff's argument that the public, including the decedent and plaintiff, lacked notice of the FEGLI Contract's two-year contractual limitation to contest the denial of an AD&D claim lacks merit.  (ECF No. 26 at 9).  First, the FEGLI Contract, which is a matter of public record, exclusively governs plaintiff's obligations and rights to recover under the FEGLIA.  See 5 U.S.C. § 8709.  Second, plaintiff's inability to access the FEGLI Contract online does not mean that the limitation period provided within it is not valid.  See 5 U.S.C. § 8703 ("[OPM] shall arrange to have each insured employee receive a certificate setting forth the benefits to which he is entitled . . . and summarizing the provisions of the policy principally affecting him.").  Finally, plaintiff cannot rely on the FEGLI Contract to bring her claim while at the same time disavowing knowledge of the very same contract.  Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (explaining that "lack of notice to the

plaintiff . . . is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint'").

In sum, the contractual two-year limitation period to bring a claim for accidental death and dismemberment benefits under the FEGLI Contract is valid, see Heimeshoff, 571 U.S. at 107–08, and plaintiff's arguments that OPM lacked authority to change the limitations period and the public lacked notice of this change are rejected.  As a result, plaintiff's Complaint is clearly time barred.  Accordingly, the Complaint fails to state a claim upon which relief can be granted and the claim must be dismissed.  Swedish Civil Aviation Admin., 190 F. Supp. 2d at 795.

### B. Failure to State a Claim

As discussed above, the contractual limitation precludes plaintiff's claim.  But even if the limitation period did not warrant dismissal of plaintiff's Complaint, it would also be subject to dismissal because plaintiff does not allege any facts to support a claim for accidental death as defined by the FEGLI Policy.

As noted above, a "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted).  A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements.  Walters, 684 F.3d at 439.

In her Complaint, plaintiff alleges that defendant denied coverage for the "indemnity for death resulting from accidental death," because decedent's "death was, within the meaning of the policy and the law, contributed to by other physical injuries."  (ECF No. 1 ¶¶ 8, 10).  Plaintiff,

however, maintains that "decedent died from an accidental death, to wit: a misplaced endotracheal tube resulting in suffocation and death." (Id. ¶ 9). Plaintiff further alleges that "[t]his misplaced tube was the sole and final cause of [decedent's] death." (Id.)

Under Section 2.8 of the FEGLI Contract, "Accidental Death and Dismemberment [("AD&D")] benefits shall be paid when an eligible Employee sustains bodily injuries solely through violent, external, and accidental means and not more than one year thereafter suffers [death] as a direct result of such bodily injuries, and independently of all other causes." (ECF No. 17-2 at 28). The FEGLI Contract states that AD&D benefits will not be paid, however, "if the death or loss in any way results from, is caused by, or is contributed to by: (1) the insured having physical or mental illness; [or] (2) the diagnosis of or treatment of the insured's physical or mental illness . . . ." (Id.)

Here, plaintiff's claim is that "decedent died from an accidental death, to wit: a misplaced endotracheal tube resulting in suffocation and death." (ECF No. 1 ¶ 9). Plaintiff's claim fails to state a claim for relief because the Complaint does not allege that the death was: (1) a direct result of bodily injuries sustained "solely through violent, external and accidental means"; or (2) that it was "independent[] of all other causes." (ECF No. 17-2 at 28); Bell Atl. Corp., 550 U.S. at 570 (the complaint must state enough facts to nudge a claim to relief "across the line from conceivable to plausible").

Moreover, plaintiff's conclusory allegation that "[t]his misplaced tube was the sole and final cause of [decedent's] death" fails to consider the exclusion in Section 2.8 that AD&D benefits "will not be paid if the death or loss in any way results from, is caused by, or is contributed to by: . . . the insured having physical or mental illness; [or] the diagnosis of or treatment of the insured's physical or mental illness." (ECF No. 17-2 at 28). Here, plaintiff's

allegations regarding the cause of decedent's death fail to note or consider that the immediate cause of decedent's death, according to the death certificate, was "anoxic brain injury status due post-surgery for empyema thoracis and malpositioned endotracheal tube." (ECF Nos. 17-1 at 8, 23-5 at 1). At the time the endotracheal tube was misplaced, the decedent was undergoing "treatment," (i.e., surgery), for his "physical illness," (i.e., empyema thoracis). (ECF No. 23-5). Therefore, plaintiff's AD&D claim falls within the exclusion in Section 2.8(c), which provides that AD&D benefits are not payable if the death "in any way results from, is caused by, or is contributed to by . . . treatment of the insured's physical . . . illness." (ECF No. 17-2 at 28). Accordingly, plaintiff's claim is subject to dismissal on this basis as well as the limitations grounds discussed above.

## IV.    CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 17) is GRANTED. A separate order will be issued.


August 14, 2020                                          /s/
                                              Beth P. Gesner
                                              Chief United States Magistrate Judge